EASTERN DIST.
*April,* 1839.

BANKS
*vs.*
BRANDER ET AL.

In cases where it is difficult to assess the damages sustained by the party complaining, those given by the jury, even when *high,* will be sanctioned, rather than expose the parties to the expense and vexation of further litigation.

---

### BANKS *vs.* BRANDER ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS PRESIDING.

The plaintiff may strike out his own endorsement on the bill, at the trial.

A defendant who insists on his plea of discussion, must specially point out property and tender the costs. It is not sufficient to aver that the principal debtor has property in a particular parish, and that the party is ready to advance the costs of discussion.

The acceptor of a bill is bound absolutely, and the holder is not required to sue either the drawer or endorsers.

This is an action against the acceptors of a bill of exchange.

The defendants admit their acceptance, but aver that the bill was accepted for the accommodation of the drawer, L. Tanner; the defendants not having at the time, nor since, funds of the drawer in their hands; that the plaintiff well knew their acceptance was an accommodation, and that being sureties of the drawer, the holder is bound to discuss the property of the drawer before proceeding against them. That said Tanner is perfectly solvent, and has unincumbered property in the parish of Terrebonne, more than sufficient to satisfy the plaintiff's demand; and that they are, and ever have been, ready to advance the costs. They, therefore, plead the exception of benefit of discussion, and pray that the petition be dismissed.

The defendants further aver, that they are not responsible, because the plaintiff has granted indulgence and an extension of time to the drawer; and further, that they agreed with him that the bill should be paid in good merchantable sugar, and that he has since refused to receive it. That they are, and always have been, ready to discharge said obligation, as agreed upon with the plaintiff. They pray that the suit be dismissed.

On the trial, the plaintiff established his demand. The defendants failed to prove the agreement to pay in sugar, or any compliance with such agreement.

The defendants' counsel took bills of exception to the plaintiff's striking out his own endorsement on the bill, and to proceeding in the trial, because the exception, filed in the case, should have been first disposed of on some Friday, according to the rules of court.

There was final judgment for the plaintiff, and the defendants appealed.

*F. B. Conrad,* for the plaintiff.

*T. Slidell, contra,*

*Martin, J.,* delivered the opinion of the court.

The defendants, sued as acceptors of a bill of exchange,

pleaded the general issue, and that they accepted the bill for the accommodation of the drawer, having no funds of his in their hands, to the knowledge of the plaintiffs. That thus they are sureties of the drawer, who is first to be sued, and has unincumbered property in the parish of Terrebonne. They averred themselves ready to advance the costs of discussion : further, that the plaintiff indulged the drawer with a delay of payment, and agreed with the defendants to receive sugar in payment of the draft ; that they have tendered him the sugar, and he has refused to receive it. There was judgment for the plaintiff, and the defendants appealed.

Our attention is first drawn to two bills of exception. The first is to leave being granted to plaintiff to strike out his own endorsement on the back of the bill.

It does not appear to us the court erred ; the endorsement being in blank.

The plaintiff may strike out his endorsement on the bill at the trial.

A defendant who insists on his plea of discussion, must specifically point out property and tender the costs. It is not sufficient to aver that the principal debtor has property in a particular parish, and that the party is ready to advance the costs of discussion.

The acceptor of a bill is bound absolutely ; and the holder is not required to sue either the drawer or endorsers.

The second bill is to the trial of the cause before the exception of discussion was acted upon, on a Friday, according to the rules of the court. The District Court observed, that if the defendants were entitled to discussion, it is not an exception, but would operate a modification of the judgment. The exception ought to have been disregarded, because the defendant did not specifically point out any property of the drawer, but contented himself with naming the parish in which he alleged such property was, and with averring his readiness to advance the costs of discussion, without making the actual tender. *Louisiana Code, article* 3016.

On the merits, the signature of the defendants, as acceptors of the bill, was admitted. They failed to prove the alleged promise of the plaintiff to receive the sugar in payment. The acceptor of a bill of exchange is a principal ; he owes the money absolutely to the holder of the bill, who is not bound to sue either the drawer or any endorser, on the failure of the acceptor to comply with his engagement. He is not the surety of the drawer, the obligation of whom depends on the failure of the acceptor to comply with his own.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.